EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2017 TSPR 72 |
| Osvaldo Ortiz Medina (TS-8719) | 197 DPR ____ |

Número del Caso: AB-2002-232


Fecha: 2 de mayo de 2017


Abogado del Promovido

        Por derecho Propio


Oficina del Procurador General:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar


Materia: Conducta Profesional – La suspensión será efectiva el 10 de mayo de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | |
| | AB-2002-232 |
| Osvaldo Ortiz Medina | |
| TS-8719 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 2 de mayo de 2017.

Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un integrante de la clase togada por incumplir con las órdenes de este Tribunal.

El Lcdo. Osvaldo Ortiz Medina ("licenciado Ortiz Medina") fue admitido al ejercicio de la abogacía el 26 de junio de 1987. Asimismo, el 2 de octubre de 1987 prestó juramento para ejercer el notariado en nuestra jurisdicción. Por los fundamentos que enunciamos a continuación, se ordena la suspensión inmediata e indefinida del licenciado Ortiz Medina del ejercicio de la abogacía y de la notaría.

A continuación, exponemos los antecedentes fácticos que sostienen nuestro dictamen.

I

El proceso disciplinario en contra del licenciado Ortiz Medina surgió como consecuencia del caso civil *Banco*

*Bilbao Vizcaya de Puerto Rico v. Carlo Aymat,* CD-1994-1021 sobre cobro de dinero y ejecución de hipoteca. Al revisar una orden de lanzamiento emitida por el foro de instancia en dicho proceso, el Tribunal de Apelaciones nos refirió al licenciado Ortiz Medina para la investigación disciplinaria correspondiente. Ello pues el letrado compareció ante dicho foro a pesar de haber autorizado las escrituras de compraventa en virtud de las cuales se reclamaban ciertos derechos propietarios.[1] El foro *a quo* emitió una Resolución en la que confirmó la orden de lanzamiento emitida por el foro de instancia. Así las cosas, los allí recurrentes demandaron al licenciado Ortiz Medina por alegada impericia profesional.[2]

La reclamación de impericia profesional fue bifurcada. **El 16 de abril de 2004, el foro de instancia dictó una Sentencia Parcial. Resolvió *inter alia* que el licenciado Ortiz Medina había sido negligente.** La decisión fue apelada. **El 21 de octubre de 2004, el foro a *quo* emitió una Sentencia en la que confirmó el dictamen emitido por el foro de instancia.**[3] Así las cosas, y antes de celebrada la vista en su fondo de daños, el licenciado Ortiz Medina

---

[1] *Banco Bilbao Vizcaya v. Carlo Aymat, et al.,* KLCE00-01092, Resolución del 24 de octubre de 2001, pág. 7.

[2] *Esterás Burgos v. Carlo Aymat, et al.* Núm. Civil IDP-1998-0355. Los Sres. Aymat-Díaz fueron incluidos como co-demandados. Alegaron que este había sido negligente al: (1) no informarles sobre la existencia de la hipoteca y (2) presentar tardíamente las escrituras de compraventa, permitiendo de esta forma que sus respectivas participaciones sobre la finca fueran vendidas en subasta judicial.

[3] Sentencia del 21 de octubre de 2004, KLAN-2004-00809.

llegó a un acuerdo transaccional con los demandantes.[4] **El 15 de diciembre de 2006, el foro de instancia emitió una Sentencia Parcial en la que autorizó el desistimiento voluntario de las reclamaciones presentadas en su contra.** El 2 de julio de 2007, dictó Sentencia Final en la que declaró con lugar la demanda contra los co-demandados.

El procedimiento disciplinario en contra del licenciado Ortiz Medina transcurrió paralelamente. **El 25 de abril de 2003,** ordenamos la paralización de la investigación disciplinaria en su contra hasta tanto finalizara la reclamación de impericia profesional. No obstante, le ordenamos que nos mantuviera informado sobre el estado procesal de la misma.

Luego de varios trámites procesales, el 24 de junio de 2005 emitimos una Resolución en la que le ordenamos al licenciado Ortiz Medina que nos informara el estado procesal de la reclamación de impericia profesional en su contra. El **10 de julio de 2005,** el licenciado Ortiz Medina presentó una *Moción Informativa* en la que indicó que la misma se encontraba *sub-judice* pues estaba pendiente la vista en su fondo de daños. Posteriormente, le ordenamos al licenciado Ortiz Medina que nos informara el estado procesal de la reclamación en su contra, mediante Resoluciones con fecha de 20 de agosto de 2008 y 2 de febrero de 2011, respectivamente.

---

[4] El licenciado Ortiz Medina pagó $30,000 a los comuneros como parte de la transacción extrajudicial.

**El 4 de junio de 2012**, emitimos una Resolución en virtud de la cual **tomamos conocimiento de que en el 9 de julio de 2007 el foro de instancia había dictado sentencia final en el caso de impericia profesional**. Así las cosas, le concedimos un término al licenciado Ortiz Medina para expresarse en cuanto a la continuación del proceso disciplinario. **El letrado indicó que para la fecha en la que el foro de instancia dictó la Sentencia Final este ya no era parte en el pleito pues los demandantes habían desistido de la reclamación en su contra.**

Luego de varios trámites procesales, la Procuradora General emitió su informe. Recomendó la suspensión inmediata e indefinida del peticionario del ejercicio de la notaría.[5] El 27 de enero de 2017, luego de haber evaluado el *Informe de la Procuradora General,* suspendimos del ejercicio de la notaría al licenciado Ortiz Medina,

---

[5] Le imputó al licenciado Ortiz Medina la comisión de las siguientes faltas: (1) afirmar hechos falsos con conocimiento de su falsedad, en violación a la fe pública notarial; (2) no advertir las consecuencias del Aviso de Demanda ni de celebrar la compraventa sin haber sometido la segregación a la consideración de ARPE y (3) pretender burlar la orden del tribunal de Aviso de Demanda al solicitar su cancelación. También, reiteró la determinación del foro primario a efectos de que el licenciado Ortiz Medina no había realizado un estudio de título. Sostuvo que tampoco incluyó la escritura de compraventa otorgada por los Sres. Vázquez-Burke en su índice notarial y que este había aceptado haber autorizado dicha escritura tras haberlo negado inicialmente, lo que denotó falta de sinceridad. Añadió que el licenciado Ortiz Medina había representado legalmente a los Sres. Aymat-Díaz durante el recurso de *certiorari* a pesar de haber intervenido como notario en documentos relacionados con el pleito pendiente, en violación a las normas de conducta profesional. Específicamente, se le imputó la violación al Art. 2 de la Ley Notarial de Puerto Rico; las Reglas 2, 5 y 12 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV; los Cánones 18-19, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX y los Arts. 38, 42-43 y 112 de la Ley Hipotecaria de Puerto Rico, 30 LPRA secs. 2201, 2205-06 y 2401. Véase, Informe de la Procuradora General, págs. 16-17.

como medida cautelar, entretanto se presentaba la querella correspondiente.

El licenciado Ortiz Medina presentó una *Solicitud de Reconsideración*. El 14 de marzo de 2017, denegamos la misma, ordenamos la paralización del procedimiento disciplinario en su contra y le concedimos un término de quince (15) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Ello, pues al examinar la totalidad del expediente nos percatamos que el licenciado Ortiz Medina nos había ocultado información pertinente al proceso disciplinario de epígrafe **por más de diez (10) años**. Específicamente, omitió informarnos sobre: (1) la determinación de negligencia que hizo el foro de instancia en su contra; (2) la sentencia emitida por el foro *a quo* en la que se confirmó la determinación del foro de instancia y (3) la transacción extrajudicial que llevó a cabo con los demandantes y en virtud de la cual se dictó Sentencia Parcial desestimando las reclamaciones en su contra.

Ante la *Solicitud de Prórroga* presentada por el licenciado Ortiz Medina, le concedimos un **término final e improrrogable de cinco (5) días** para que cumpliera con nuestra Resolución del 14 de marzo de 2017. El letrado compareció mediante un escrito intitulado *Moción de Cumplimiento de Orden*. Enumeró tres motivos para justificar sus omisiones. **Primero**, indicó que tanto la determinación de negligencia hecha por el foro de

instancia como la sentencia del Tribunal de Apelaciones confirmándola surgían del expediente del caso, Núm. IDP-1998-0355. Señaló que: "[d]ichos documentos no se pueden ocultar. Son documentos públicos. Incluso el honorable Tribunal Supremo pudo tomar conocimiento judicial de la existencia de los mismos." **Segundo**, señaló que cuando las sentencias advinieron finales y firmes, este indemnizó a los demandantes con la suma de $30,000 y que dicha indemnización motivó la Sentencia Parcial en la que se archivó la reclamación en su contra. **Tercero**, puntualizó que una vez archivado el caso, "quizás de forma errónea, pero sin que mediara mala fe" entendió que la reclamación en su contra por impericia profesional había finalizado sin perjuicio a que la determinación de negligencia se utilizara en su contra durante el proceso disciplinario.

Evaluada la misma, pasemos a exponer la normativa aplicable a esta relación de hechos.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re Bello Rivera,* 192 DPR 812 (2015); *In re Pacheco Pacheco,* 192 DPR 553 (2015).

Además, reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re Bello Rivera*, supra*; In re De Jesús Román,* 192 DPR 799 (2015)*.* Asimismo, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Ezratty Samo,* 2016 TSPR 19, 194 DPR ___ (2016). Igualmente, y además de denotar indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. *In re Escalona Colón,* 149 DPR 900, 901 (2000). Recientemente, hemos ejercido nuestra autoridad disciplinaria para suspender a miembros de la profesión por dilatar injustificadamente el proceso disciplinario en su contra mediante la desatención a las órdenes de este Tribunal. *In re Irizarry Irizarry,* 190 DPR 368 (2014).

III

Según relatáramos, el licenciado Ortiz Medina ha incumplido reiteradamente con nuestras órdenes y requerimientos. Peor aún, nos ocultó información altamente pertinente al proceso disciplinario de epígrafe. Ello no tiene cabida en nuestra profesión. Nos explicamos.

El 25 de abril de 2003, paralizamos la investigación disciplinaria en contra del licenciado Ortiz Medina en consideración a que aún estaba pendiente de resolución judicial la reclamación de impericia profesional presentada en su contra. La paralización estaría en vigor hasta que dicho proceso judicial culminara. No obstante, le impusimos al licenciado Ortiz Medina la obligación afirmativa de mantenernos informados sobre el estado procesal del caso. En respuesta a nuestros requerimientos, el 10 de julio de 2005, el licenciado Ortiz Medina indicó que el pleito de impericia profesional en su contra se encontraba *sub-judice* pues estaba pendiente la vista en su fondo de daños. Empero, obvió cumplir con nuestra orden en lo atinente a una etapa procesal medular, para fines de nuestra jurisdicción disciplinaria. Nótese que para esta fecha ya el Tribunal de Primera Instancia había emitido una Resolución en la que había determinado que este había sido negligente y el Tribunal de Apelaciones había emitido una Sentencia en la que había confirmado dicha determinación. Cabe destacar que esa no fue la única oportunidad que el licenciado Ortiz Medina tuvo para informarnos lo que realmente había acontecido en la reclamación de impericia profesional en su contra.

El 20 de agosto de 2008, le ordenamos al licenciado Ortiz Medina nuevamente que nos informara el estado procesal de la reclamación de impericia profesional en su contra. El 12 de septiembre de 2008 presentó un escrito en

el que solicitó veinte (20) días para cumplir con la orden mediante la presentación de unos documentos certificados que había solicitado. De dicha solicitud no surge qué documentos pretendía presentar ni para qué propósitos quería presentarlos. Peor aún, no surge del expediente que haya presentado documento alguno ni dentro ni fuera del término solicitado. No obstante, y a pesar de su incumplimiento, el 2 de febrero de 2011 le ordenamos nuevamente que nos informara el estado procesal de la reclamación en su contra. El 24 de marzo de 2011, el licenciado Ortiz Medina nos indicó que el pleito se encontraba pendiente en despacho. Nuevamente, y por tercera ocasión, el licenciado Ortiz Medina omitió informarnos los acontecimientos reales de la reclamación de impericia profesional instada en su contra.

El 4 de junio de 2012 emitimos una Resolución en virtud de la cual tomamos conocimiento judicial de que en **el 9 de julio de 2007 el foro de instancia había dictado sentencia en el caso en cuestión.** Le ordenamos al licenciado Ortiz Medina que se expresara en torno a la continuación del proceso disciplinario en su contra. Este indicó que para la fecha en la que el pleito en su contra había culminado este ya no era parte en el pleito, en virtud de un desistimiento voluntario. Por primera ocasión, informó que los demandantes habían desistido de la reclamación en su contra. No obstante, y por cuarta ocasión, el licenciado Ortiz Medina ocultó que el foro de

instancia había hecho una determinación de negligencia en su contra, la cual posteriormente fue confirmada por el foro *a quo*. En fin, el licenciado Ortiz Medina nunca nos informó que el caso de impericia profesional en su contra había culminado, aun cuando sabía que el proceso disciplinario en su contra se había paralizado hasta tanto culminara el mismo. Examinando lo acontecido de la forma más favorable para el licenciado Ortiz Medina, mediante su omisión e inacción, ambas injustificadas y en claro menosprecio de nuestras directrices, este logró mantener paralizada la investigación disciplinaria en su contra **por al menos cinco (5) años.**

El incumplimiento reiterado y obstinado por parte del licenciado Ortiz Medina con las órdenes de este Tribunal denota dejadez y despreocupación. Máxime cuando su incumplimiento, al mismo tiempo, ha consistido en la ocultación de información requerida por este Tribunal. Cabe destacar que el licenciado Ortiz Medina venía obligado a informar el estado procesal real de la reclamación de impericia profesional presentada en su contra. Después de todo, paralizamos el proceso disciplinario en su contra en consideración a que dicha reclamación todavía estaba pendiente. Aun así, y en claro desafío a este Tribunal, el licenciado Ortiz Medina indicó en respuesta a la orden de mostrar causa que tanto la Resolución del foro de instancia en la que determinó que este había sido negligente como la Sentencia del foro *a*

*quo* en la que se confirmó dicha determinación obraban en el expediente judicial. Indicó que dichos documentos eran públicos y no se podían ocultar por lo que este Tribunal muy bien pudo haber tomado conocimiento judicial de la existencia de los mismos. Esta actitud de indiferencia y menosprecio a la autoridad de este Tribunal constituye un patrón de desidia y refleja la falta de interés en continuar ejerciendo la profesión. Su conducta es inaceptable e incompatible con el ejercicio de la profesión de la abogacía.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Osvaldo Ortiz Medina. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Osvaldo Ortiz Medina          AB-2002-232

TS-8719

SENTENCIA

En San Juan, Puerto Rico, a 2 de mayo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Osvaldo Ortiz Medina. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo