*In re* TERESA JIMÉNEZ MELÉNDEZ, querellada.

*Número:* AB-2016-284          *Resuelto:* 23 de junio de 2017

*Joseph Feldstein del Valle*, subprocurador general, y *Laura W.*

*Robles Vega*, procuradora general auxiliar, en informe; *Teresa Jiménez Meléndez, pro se.*

PER CURIAM: Una vez más nos vemos precisados a suspender inmediata e indefinidamente a un miembro de la profesión legal por desatender las órdenes emitidas por este Tribunal y los requerimientos de la Oficina del Procurador General. Veamos.

## I

La Lcda. Teresa Jiménez Meléndez fue admitida al ejercicio de la abogacía el 10 de enero de 1986 y a la práctica de la notaría el 26 de febrero del mismo año.

El 13 de septiembre de 2016, la Sra. Alba L. Ramos Díaz presentó una queja en contra de la licenciada Jiménez Meléndez. Conforme al procedimiento establecido en la Regla 14(c) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, el 22 de septiembre de 2016 se le concedió a la letrada un término de diez días para contestar la Queja.

Ante la incomparecencia de la letrada, el 25 de octubre de 2016 se le envió una *segunda notificación*. En esta ocasión, se le concedió un *término final* de diez días para presentar su reacción a la Queja. Además, en dicha misiva se le apercibió que, de no contestar en el término provisto, se estaría refiriendo el asunto al Pleno de este Tribunal para la acción correspondiente. Esta segunda comunicación llegó devuelta por el servicio de correo postal el 27 de diciembre de 2016.

El 9 de enero de 2017, la Secretaría de este Tribunal logró comunicación telefónica con la letrada. Ésta confirmó que la dirección a la cual se le habían enviado las comunicaciones era la correcta. No obstante, informó que había tenido problemas con el correo postal, por lo que solicitó que se le enviaran los documentos por correo electrónico. Esa misma tarde se le remitió a las direcciones de correo

electrónico que tenía consignadas en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) una copia de la Queja presentada por la señora Ramos Díaz y las dos cartas que se le habían enviado previamente.(¹) Además, se le otorgó un nuevo término de diez días para comparecer ante nos y contestar la Queja.

Vencido el término sin recibir respuesta alguna de parte de la licenciada Jiménez Meléndez, el 7 de febrero de 2017 se le refirió el expediente al Procurador General para investigación e informe a tenor de la Regla 14(d) de nuestro Reglamento, 4 LPRA Ap. XXI-B. Así las cosas, el 22 de febrero de 2017, la Oficina del Procurador General remitió a la letrada, vía correo electrónico, una misiva mediante la cual le requirió que presentara su contestación a la Queja en un término no mayor de cinco días, en aras de llevar a cabo la investigación correspondiente.(²) En dicho comunicado se le advirtió que

[...] el Canon 9 del Código de Ética Profesional impone a los abogados la responsabilidad de responder los requerimientos del Tribunal Supremo, por lo que la desatención de las órdenes emitidas durante la tramitación de un procedimiento disciplinario pudiera conllevar sanciones disciplinarias. Asimismo, están expuestos a sanciones disciplinarias los abogados que no cumplan con las solicitudes de nuestra Oficina.

Por tanto, se le apercibe que el incumplimiento con esta solicitud pudiera conllevar la imposición de sanciones disciplinarias.

A pesar de los apercibimientos de la Oficina del Procurador General, la licenciada Jiménez Meléndez tampoco compareció en el término provisto. Es por ello que el 10 de abril de 2017, el Procurador General nos sometió su informe en el cual concluyó que la licenciada Jiménez Melén-

---

(¹) Entiéndase, las cartas emitidas el 22 de septiembre y el 25 de octubre de 2016 por la Secretaría de este Tribunal.

(²) El día antes, es decir, el 21 de febrero de 2017, la Oficina del Procurador General se comunicó por teléfono con la letrada y le informó que se le estaría enviando dicha solicitud.

dez no fue diligente ni respondió responsablemente a los requerimientos del Tribunal Supremo y de la Oficina del Procurador General, razón por la cual infringió los preceptos consignados en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En consecuencia, recomendó la imposición de sanciones disciplinarias.

Examinado el Informe del Procurador General, el 12 de mayo de 2017 emitimos una Resolución. Concedimos a la togada un término de diez días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión legal por ignorar los requerimientos del Procurador General y de este Tribunal. Dicha Resolución se le notificó personalmente a la letrada el 18 de mayo de 2017. El 30 de mayo de 2017, la licenciada Jiménez Meléndez solicitó una prórroga de cinco días para comparecer mediante representación legal, lo cual acogimos en nuestra Resolución emitida el 31 de mayo de 2017 y notificada el 1 de junio de 2017. No obstante, vencido dicho plazo adicional, la licenciada Jiménez Meléndez tampoco compareció.

## II

Al prestar juramento para ejercer la profesión legal, los togados se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional, 4 LPRA Ap. IX. En específico, el Canon 9 de dicho cuerpo normativo prescribe que los togados deben exhibir una conducta de respeto hacia los tribunales. Lo anterior conlleva el cumplimiento oportuno y diligente de las órdenes y los requerimientos emitidos por los foros judiciales, más aún cuando estos se originan dentro de un procedimiento disciplinario. *In re Mangual Acevedo*, 197 DPR 998 (2017); *In re Marín Serrano*, 197 DPR 535 (2017); *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Prado Galarza*, 195

DPR 894 (2016). Las obligaciones consignadas en el Canon 9 se extienden, además, a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua por ser entidades con funciones que inciden en la fiscalización de la profesión legal. *In re Montañez Melecio*, 197 DPR 275 (2017). Mostrarse indiferente hacia los requerimientos de un tribunal y de los entes antes mencionados contraviene los postulados consagrados en dicho canon, lo que puede sujetar a los abogados a sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión. *In re Abadía Muñoz et al.*, 197 DPR Ap. (2017); *In re Montalvo Delgado*, supra; *In re Torres Román*, 195 DPR 882 (2016). Ello es así pues desatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. *In re Ortiz Medina*, 198 DPR 26 (2017).

### III

Una vez presentada la Queja en cuestión, este Foro realizó un sinnúmero de gestiones vía correo postal, teléfono y correo electrónico para conceder a la letrada múltiples oportunidades para que sometiera su reacción, pero la licenciada Jiménez Meléndez no cumplió con nuestras órdenes. Del mismo modo, la letrada hizo caso omiso a los requerimientos de la Oficina del Procurador General, a pesar de haber sido apercibida de la posible imposición de sanciones disciplinarias por sus incumplimientos. Tan reciente como el 12 de mayo de este año emitimos una orden para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión legal.[3] No obstante, a

---

[3] Según indicado anteriormente, esta Orden se le notificó personalmente a la Lcda. Teresa Jiménez Meléndez.

pesar de todas las oportunidades brindadas, la licenciada Jiménez Meléndez volvió a ignorar nuestras órdenes.

## IV

En conformidad con el derecho aplicable, así como por la conducta exhibida por la Lcda. Teresa Jiménez Meléndez, *decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría. En virtud de lo anterior, su fianza notarial queda automáticamente cancelada.*(⁴) *Le ordenamos a la señora Jiménez Meléndez notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días, a partir de la notificación de esta Opinión "per curiam" y Sentencia. No hacerlo pudiese conllevar que no se le reinstale cuando lo solicite.*

*Por otra parte, se le ordena al Alguacil de este Foro que incaute inmediatamente la obra y el sello notarial de la señora Jiménez Meléndez y los entregue al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Notifíquese personalmente esta Opinión "per curiam" y Sentencia a la señora Jiménez Meléndez a través de la Oficina del Alguacil de este Tribunal.*

*Se dictará sentencia de conformidad.*

---

(⁴) La fianza se considerará buena y válida por tres años después de su terminación dados los actos realizados por la licenciada Jiménez Meléndez durante el periodo en que la misma estuvo vigente.