EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2024 TSPR 77 |
| | |
| José B. Vélez Goveo (TS-16,860) | 214 DPR ___ |

Número del Caso: AB-2023-0313

Fecha: 11 de julio de 2024

Representante legal del promovido:

   Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

José B. Vélez Goveo
(TS-16,860)

AB-2023-313

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de julio de 2024.

Una vez más, nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la abogacía y la notaría a un miembro de la profesión legal por incumplir con las órdenes de este Tribunal.

Al tomar en consideración la conducta que reseñaremos a continuación, adelantamos que suspendemos inmediata e indefinidamente al Lcdo. José B. Vélez Goveo (licenciado Vélez Goveo o abogado) del ejercicio de la abogacía y la notaría.

I

El licenciado Vélez Goveo fue admitido al ejercicio de la abogacía el 20 de febrero de 2008 y prestó juramento como notario el 19 de enero de 2016.

El 26 de diciembre de 2023, el Sr. Edgardo Morales Escribano (señor Morales Escribano o promovente) presentó una *Queja* en contra del abogado. Según alegó, él y su esposa, la Sra. Janet Soto García, fueron víctimas de fraude por parte del Sr. Wilbert Frotman, a quien le pagaron $9,990 por un viaje a África, el cual no se materializó. Ante esto, el promovente manifestó que realizó múltiples gestiones de cobro, pero éstas resultaron infructuosas. Así pues, en abril de 2023, el señor Morales Escribano contrató al abogado como su representante legal.

De acuerdo con lo expuesto en la *Queja*, el licenciado Vélez Goveo, en primera instancia, envió una carta de cobro de dinero al señor Frotman, pero dicha gestión no rindió frutos y tuvo un costo de $100 en honorarios más $8.13 por el trámite de correo certificado. Así pues, el promovente acordó con el abogado que se presentara una demanda de cobro de dinero ante el foro primario, para lo cual pagó $1,100 de honorarios. Más adelante, el licenciado Vélez Goveo envió otra carta certificada para "emplazar" al señor Frotman, pero no rindió resultados.

Así las cosas, en la *Queja*, el señor Morales Escribano indicó que el 4 de octubre de 2023 se celebró la primera vista del caso y allí la jueza le informó al abogado que

dicha carta certificada no era un emplazamiento suficiente para el tribunal.[1] Ante esto, el foro de primera instancia reseñaló la vista para el 23 de octubre de 2023 y el 6 de octubre de 2023 expidió una nueva notificación y citación. A raíz de esto, según alegó el promovente, el licenciado Vélez Goveo se comunicó con él para notificarle que había que realizar tres (3) emplazamientos, esto por un costo total de $240.

El señor Morales Escribano añadió que, en la vista del 23 de octubre de 2023, la jueza le indicó al abogado que el procedimiento del caso era de naturaleza sumaria, por lo que desde que se presentó la demanda el 10 de julio de 2023 ya había transcurrido el término de noventa (90) días establecido para la celebración de la vista ante el foro primario. Así, según señaló el promovente, la jueza archivó el caso y le indicó al licenciado Vélez Goveo que podría presentar la causa de acción nuevamente.[2] Ante este escenario, el señor Morales Escribano se comunicó con el abogado para que le explicara lo que procedía en su caso y éste le indicó que no había ningún problema con presentarlo de nuevo.

---

[1] Véase *Queja*, pág. 1.

[2] Según surge de la *Minuta* del 23 de octubre de 2023, el Lcdo. José B. Vélez Goveo (licenciado Vélez Goveo o abogado) informó que, a pesar de las gestiones realizadas, no se pudo emplazar a la parte demandada, por lo que solicitaría el desistimiento de la causa de acción, sin perjuicio. En consecuencia, el foro de primera instancia dictó *Sentencia*, sin perjuicio, ante el desistimiento de la parte demandante. Véase *Minuta*, Anejos de la *Queja*.

Finalmente, el promovente expresó que, al 26 de diciembre de 2023, había transcurrido un mes y medio desde que el licenciado Vélez Goveo no contestaba sus llamadas telefónicas ni mensajes de texto, razón por la cual decidió presentar una *Queja* en contra de éste. En particular, manifestó lo siguiente: "[E]ntiendo que merezco un respeto y si [el abogado] aceptó coger este caso, pudo haberlo terminado y no dejarme abandonado sin ningún tipo de comunicación".[3] En vista de lo anterior, el señor Morales Escribano solicitó la devolución de $1,448.13 por honorarios y gastos que pagó por servicios que no fueron completados por el licenciado Vélez Goveo.

Como parte del trámite de la *Queja*, el 23 de enero de 2023 se le concedió al abogado un término de diez (10) días, contado a partir de la notificación de la comunicación, para que contestara los planteamientos en su contra.

Así pues, **transcurrido el término concedido**, el 12 de febrero de 2024, el licenciado Vélez Goveo solicitó una prórroga de treinta (30) días para presentar su contestación a la *Queja*. El abogado indicó que estaba recopilando la información necesaria para contestar y poder defenderse adecuadamente. Ante dicha petición, el 14 de febrero de 2024, se le concedió el término adicional solicitado y, a su vez, se le apercibió que, de no

---

[3]   Véase *Queja*, pág. 2.

comparecer en el término provisto, la queja sería referida al Pleno del Tribunal para la acción correspondiente, incluyendo la posible imposición de sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión legal. **Este término adicional venció el 15 de marzo de 2024.**

Una vez **transcurrido el término concedido** al licenciado Vélez Goveo sin que éste compareciera ante este Tribunal, el 9 de abril de 2024 emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días, contado a partir de nuestra *Resolución*, para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con las órdenes de este Tribunal.

**El mismo día en que vencía el término concedido** (el 19 de abril de 2024), el abogado presentó ante este Tribunal una *Moción en cumplimiento de orden y solicitud de breve término final e improrrogable*. En ésta, el licenciado Vélez Goveo expuso como justa causa el hecho de que durante los meses de marzo y abril de 2024 estuvo atendiendo y observando la condición progresiva de la enfermedad de Alzheimer que padece su señora madre, lo que ha conllevado evaluación y atención médica especializada. El abogado añadió que, debido a dicha situación, se vio obligado a reducir sus labores profesionales e impedido de contestar la *Queja* en el término provisto. En vista de lo anterior, anticipó que reanudaría sus labores en la oficina

el lunes, 22 de abril de 2024, por lo que nos solicitó "un término final [e] improrrogable de quince (15) días para presentar [su] contestación".**4**

Así las cosas, el 30 de abril de 2024 emitimos una *Resolución* en la que le concedimos al licenciado Vélez Goveo un término adicional de quince (15) días para que presentara su contestación a la *Queja*. Asimismo, le apercibimos que su incumplimiento con la *Resolución* podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. **Transcurrido nuevamente el término concedido, el abogado no compareció.**

A la luz de los hechos expuestos, procedemos a esbozar el derecho aplicable previo a disponer del asunto ante nuestra consideración.

## II

Como parte fundamental de nuestra autoridad para regular la profesión legal en Puerto Rico, este Tribunal viene obligado a asegurarse que los profesionales del Derecho que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente. *In re* Montañez Morales, 212 DPR 781, 790 (2023); *In re* Meléndez Artau, 212 DPR 96, 101 (2023); *In re* Colón Olivo I, 211 DPR 55, 62 (2023); *In re* Lewis Maymó, 205 DPR 397, 402 (2020).

---

**4** Véase *Moción en cumplimiento de orden y solicitud de breve término final e improrrogable*, pág. 2.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los integrantes de la profesión jurídica se conduzcan ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Lajara Radinson, 207 DPR 854, 863 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Según este mandato, hemos recalcado en el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes de este Tribunal, en específico cuando se trata de procesos disciplinarios. *In re* Wilamo Guzmán, 212 DPR 104, 107 (2023); *In re* Bauzá Tirado, 211 DPR 633, 635 (2023); *In re* Maldonado Trinidad, 209 DPR 1032 (2022); *In re* Bermúdez Tejero, 206 DPR 86, 94 (2021).

En particular, hemos manifestado que el desatender los requerimientos que realizamos en el curso de un proceso disciplinario refleja indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia la autoridad, además de que demuestra una gran fisura del buen carácter que debe exhibir todo integrante de la profesión legal. *In re* Wilamo Guzmán, *supra*, pág. 107; *In re* Jiménez Meléndez, 198 DPR 453, 457 (2017); *In re* Ortiz Medina, 198 DPR 26, 31 (2017).

Según lo antes expresado, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que significa una violación al Canon 9 del Código de Ética

Profesional, *supra*, y dicha conducta es suficiente para decretar la separación inmediata e indefinida de la abogacía y notaría. *In re* Colón Olivo I, *supra*; *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* López Pérez, 201 DPR 123, 126 (2018).

## III

Los hechos reseñados demuestran que el licenciado Vélez Goveo exhibió una conducta que refleja indiferencia y desidia ante las órdenes de este Tribunal. En particular, el abogado no contestó la *Queja* presentada en su contra, a pesar de que se le concedieron términos adicionales para ello en tres (3) ocasiones (14 de febrero de 2024, 9 y 30 de abril de 2024) y aun cuando se le apercibió que, si no comparecía, este Tribunal podría imponerle sanciones disciplinarias severas, tales como la suspensión del ejercicio de la profesión legal.

Según surge del expediente, el licenciado Vélez Goveo no atendió nuestros requerimientos y, además, hizo caso omiso a los apercibimientos sobre las consecuencias que podría conllevar su incumplimiento. Evidentemente, el abogado ha incurrido en un claro incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*, al actuar con dejadez y desatender las órdenes de este Tribunal. Ese comportamiento denota un incumplimiento voluntario que se distancia de la conducta de respeto hacia los tribunales que exige el Canon 9 del Código de Ética Profesional, *supra*, a todos los miembros de la profesión

jurídica. Ante esa realidad, y según el poder inherente de reglamentar el ejercicio de la abogacía que ostenta este Foro, procedemos a decretar la suspensión inmediata e indefinida del licenciado Vélez Goveo del ejercicio de la abogacía y la notaría.

IV

Por las razones antes esbozadas, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía y la notaría al Lcdo. José B. Vélez Goveo. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, el señor Vélez Goveo deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

José B. Vélez Goveo
    (TS-16,860)

AB-2023-313

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 11 de julio de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. José B. Vélez Goveo del ejercicio de la abogacía y la notaría.

En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, el señor Vélez Goveo deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente y por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    Javier O. Sepúlveda Rodríguez
                                    Secretario del Tribunal Supremo