EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Anselmo Irizarry Irizarry<br>(TS-8,128) | 2024 TSPR 109<br><br>214 DPR ___ |

Número del Caso: AB-2024-0004

Fecha: 15 de octubre de 2024

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplimiento con el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Anselmo Irizarry Irizarry
        (TS-8,128)                    **AB-2024-0004**

***PER CURIAM***

En San Juan, Puerto Rico, a 15 de octubre de 2024.

En esta ocasión, ejercemos nuestra facultad disciplinaria sobre un integrante de la profesión legal que ha exhibido un patrón de incumplimiento con nuestras órdenes. Intervenimos disciplinariamente con el Lcdo. Anselmo Irizarry Irizarry por quebrantar el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos a continuación, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

I

El licenciado Irizarry Irizarry fue admitido

al ejercicio de la abogacía el 31 de diciembre de 1985 y prestó juramento como notario el 8 de junio de 1989.

El 8 de enero de 2024, la Sra. Jessica Grisselle Morales Ramírez (señora Morales Ramírez o promovente) presentó una Queja en contra del letrado. Según alegó la promovente, esta acudió a la oficina del licenciado Irizarry Irizarry en busca de asesoramiento para instar una acción en contra de la Sala de Emergencia del Hospital Buen Samaritano de Aguadilla. Ello, fue por una presunta lectura errónea de una tomografía computarizada (CT Scan) a nivel maxilofacial que se llevó a cabo el 18 de febrero de 2022.

La señora Morales Ramírez añadió que, en su visita al letrado, le presentó varios documentos relacionados al daño. Así, pues, el 4 de mayo de 2022, luego de que el licenciado Irizarry Irizarry revisara los documentos provistos por la promovente, aceptó tomar su caso.

De acuerdo con lo expuesto en la Queja, el letrado le indicó a la señora Morales Ramírez que iniciaría la representación con una carta que contuviese una reclamación extrajudicial en contra del médico que estuvo a cargo de los procedimientos. En vista de ello, el 14 de febrero de 2023, el letrado le envió un borrador de dicha carta a la promovente por correo electrónico.

Así las cosas, la promovente expresó en la queja que, luego de recibir y discutir el borrador de la reclamación extrajudicial, transcurrieron varios meses sin lograr contactar al letrado, razón por la cual decidió presentar

una Queja en su contra. La promovente manifestó que desconoce si el letrado envió la reclamación extrajudicial y si obtuvo alguna respuesta. Razón por la cual, la señora Morales Ramírez solicitó que se le provea la información del estado de su reclamación para continuar con los procedimientos pertinentes.

Como parte del trámite de la Queja, el 8 de febrero de 2024, enviamos una *Notificación* en la cual le concedimos al abogado un término de diez días, contados a partir de la notificación de la comunicación, para que contestara los planteamientos en su contra.

Una vez transcurrido el término sin que éste compareciera ante este Tribunal, el 1 de marzo de 2024, emitimos una *Segunda notificación* mediante la cual le concedimos un término adicional de diez días, contados a partir de la notificación de la comunicación. No obstante, el licenciado Irizarry Irizarry no compareció nuevamente.

Así las cosas, el 27 de marzo de 2024, emitimos una *Resolución* en la que le concedimos al letrado un nuevo término de diez días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con las órdenes de este Tribunal. Transcurrido el término concedido, el abogado no compareció.

Finalmente, el 26 de abril de 2024, emitimos una segunda *Resolución* en la cual le concedimos un término final de diez días al licenciado Irizarry Irizarry para que

compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con las órdenes de este Tribunal. Sin embargo, a pesar de los múltiples esfuerzos y, el apercibimiento de ser el término final, el letrado no compareció ante este Tribunal.

A la luz de los hechos expuestos, procedemos a esbozar el derecho aplicable previo a disponer del asunto ante nuestra consideración.

## II

Como es sabido, este Tribunal viene obligado a asegurarse que los profesionales del Derecho que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente.[1]

El Canon 9 del Código de Ética Profesional, *supra*, requiere que todos los integrantes de la profesión jurídica se conduzcan ante los tribunales con una conducta que se caracterice por el mayor respeto.[2] En vista de ello, hemos recalcado en el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes

---

[1] *In re Montañez Morales*, 212 DPR 781, 790 (2023); *In re Meléndez Artau*, 212 DPR 96, 101 (2023); *In re Colón Olivo I*, 211 DPR 55, 62 (2023); *In re Lewis Maymó*, 205 DPR 397, 402 (2020).

[2] *In re Lajara Radinson*, 207 DPR 854, 863 (2021); *In re Cintrón Rodríguez*, 205 DPR 299, 308 (2020); *In re Alers Morales*, 204 DPR 515, 519 (2020).

de este Tribunal, en específico cuando se trata de procesos disciplinarios.[3]

Hemos manifestado en reiteradas ocasiones que el desatender los requerimientos que realizamos en el curso de un proceso disciplinario refleja indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia la autoridad, además de que demuestra una gran fisura del buen carácter que debe exhibir todo integrante de la profesión legal.[4]

Además, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que significa una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta es suficiente para decretar la separación inmediata e indefinida de la abogacía y notaría.[5]

Con estos preceptos en mente, procedemos a resolver la controversia ante nuestra consideración.

**III**

Los hechos reseñados demuestran que el licenciado Irizarry Irizarry exhibió una conducta que refleja indiferencia y desidia ante las órdenes de este Tribunal. En particular, el abogado no contestó la Queja presentada en su contra, a pesar de que se le concedieron términos

---

[3] *In re Wilamo Guzmán*, 212 DPR 104, 107 (2023); *In re Bauzá Tirado*, 211 DPR 633, 635 (2023); *In re Maldonado Trinidad*, 209 DPR 1032 (2022); *In re Bermúdez Tejero*, 206 DPR 86, 94 (2021).

[4] *In re Wilamo Guzmán*, *supra*, pág. 107; *In re Jiménez Meléndez*, 198 DPR 453, 457 (2017); *In re Ortiz Medina*, 198 DPR 26, 31 (2017).

[5] *In re Colón Olivo I*, supra; *In re Bermúdez Tejero*, supra, pág. 95; *In re López Pérez*, 201 DPR 123, 126 (2018).

adicionales para ello en cuatro ocasiones. Cabe destacar que, en el último intento (26 de abril de 2024), le apercibimos que, si no comparecía, este Tribunal podría imponerle sanciones disciplinarias severas, tales como la suspensión del ejercicio de la profesión legal.

Según se desprende del expediente, el licenciado Irizarry Irizarry no atendió nuestros requerimientos y, además, hizo caso omiso a los apercibimientos sobre las consecuencias que podría conllevar su incumplimiento. Evidentemente, el abogado ha incurrido en un claro incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*, al actuar con dejadez y desatender las órdenes de este Tribunal. Ese comportamiento denota un incumplimiento voluntario que se distancia de la conducta de respeto hacia los tribunales que exigen los postulados que rigen la profesión jurídica.

Como corolario de lo anterior, y según el poder inherente de reglamentar el ejercicio de la abogacía que ostenta este Foro, procedemos a decretar la suspensión inmediata e indefinida del licenciado Irizarry Irizarry del ejercicio de la abogacía y la notaría.

## IV

Por las razones antes esbozadas, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía y la notaría al Lcdo. Anselmo Irizarry Irizarry. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia

al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, el señor Irizarry Irizarry deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Anselmo Irizarry Irizarry
     (TS-8,128)

**AB-2024-0004**

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de octubre de 2024.

Por las razones antes esbozadas, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía y la notaría al Lcdo. Anselmo Irizarry Irizarry. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, el señor Irizarry Irizarry deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los

foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón no intervino.

                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo