EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2025 TSPR 65 |
| | |
| Nolan Pérez Almeyda (TS-11,654) | 216 DPR ___ |

Número del Caso:  AB-2025-0029


Fecha:  20 de junio de 2025




Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento con el Canon 9 del Código de Ética Profesional.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nolan Pérez Almeyda
    (TS-11,654)

                  **AB-2025-0029**

**PER CURIAM**

En San Juan, Puerto Rico, a 20 de junio de 2025.

Una vez más, nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un integrante de la profesión legal que ha exhibido un patrón de incumplimiento con nuestras órdenes. En específico, intervenimos disciplinariamente con el Lcdo. Nolan Pérez Almeyda (licenciado Pérez Almeyda o promovido) por quebrantar el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Por los fundamentos que expondremos a continuación, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

**I**

El licenciado Pérez Almeyda fue admitido al ejercicio de la abogacía el 26 de junio de 1996.

Según surge del expediente, el licenciado Pérez Almeyda representó al Sr. Angel David Padilla García (señor Padilla García o promovente) en un juicio que culminó en su encarcelación. Inconforme con la representación del letrado, el 28 de enero de 2025, el promovente presentó una Queja en su contra.

Como parte del trámite de la Queja, el 20 de marzo de 2025, enviamos una *Notificación* en la cual le concedimos al promovido un término de diez días, contados a partir de la notificación de la comunicación, para que contestara los planteamientos en su contra.

Transcurrido el término sin que el licenciado Pérez Almeyda compareciera ante este Tribunal, el 2 de mayo de 2025, emitimos una *Resolución* mediante la cual le concedimos al letrado un **término final e improrrogable** de diez días para que presentara su contestación a la queja so pena de sanciones que podían incluir la suspensión indefinida del ejercicio de la abogacía. Sin embargo, a pesar de los múltiples esfuerzos y, el apercibimiento de ser el término final, el letrado no compareció.

**II**

Como es harto conocido, este Tribunal tiene la obligación de asegurarse que los profesionales del Derecho

que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente.[1]

El Canon 9 del Código de Ética Profesional, *supra*, requiere que todos los integrantes de la profesión jurídica se conduzcan ante los tribunales con una conducta que se caracterice por el mayor respeto.[2] En vista de ello, hemos recalcado el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes de este Tribunal, en específico cuando se trata de procesos disciplinarios.[3]

Como consecuencia de lo anterior, este Tribunal ha manifestado en reiteradas ocasiones que el desatender los requerimientos que realizamos en el curso de un proceso disciplinario refleja indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia la autoridad. Además, esta desatención demuestra una fisura del buen carácter que debe exhibir todo integrante de la profesión legal.[4]

---

[1] *In re Montañez Morales*, 212 DPR 781, 790 (2023); *In re Meléndez Artau*, 212 DPR 96, 101 (2023); *In re Colón Olivo I*, 211 DPR 55, 62 (2023); *In re Lewis Maymó*, 205 DPR 397, 402 (2020).

[2] *In re Lajara Radinson*, 207 DPR 854, 863 (2021); *In re Cintrón Rodríguez*, 205 DPR 299, 308 (2020); *In re Alers Morales*, 204 DPR 515, 519 (2020).

[3] *In re Wilamo Guzmán*, 212 DPR 104, 107 (2023); *In re Bauzá Tirado*, 211 DPR 633, 635 (2023); *In re Maldonado Trinidad*, 209 DPR 1032 (2022); *In re Bermúdez Tejero*, 206 DPR 86, 94 (2021).

[4] *In re Wilamo Guzmán*, *supra*, pág. 107; *In re Jiménez Meléndez*, 198 DPR 453, 457 (2017); *In re Ortiz Medina*, 198 DPR 26, 31 (2017).

Hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que significa una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta es suficiente para decretar la separación inmediata e indefinida de la abogacía y notaría.[5]

Con estos preceptos en mente, procedemos a resolver la controversia ante nuestra consideración.

## III

Los hechos reseñados demuestran que el licenciado Pérez Almeyda exhibió una conducta que refleja indiferencia y desidia ante las órdenes de este Tribunal. En particular, el abogado no contestó la Queja presentada en su contra, a pesar de que se le concedieron términos adicionales para ello. Cabe destacar que, en el último intento, le apercibimos de que, de no comparecer, este Tribunal podría imponerle sanciones disciplinarias severas, tales como la suspensión indefinida del ejercicio de la profesión legal.

Según se desprende del expediente, el licenciado Pérez Almeyda no atendió nuestros requerimientos y, además, hizo caso omiso a los apercibimientos sobre las consecuencias que podría conllevar su incumplimiento. Evidentemente, el abogado ha incurrido en un claro incumplimiento con los postulados del Canon 9 del Código de Ética Profesional,

---

[5] *In re Colón Olivo I*, supra; *In re Bermúdez Tejero*, supra, pág. 95; *In re López Pérez*, 201 DPR 123, 126 (2018).

*supra*, al actuar con dejadez y desatender las órdenes de este Tribunal. Ese comportamiento denota un incumplimiento voluntario que se distancia de la conducta de respeto hacia los tribunales que exigen los postulados que rigen la profesión jurídica.

Como consecuencia de lo anterior, y según el poder inherente de reglamentar el ejercicio de la abogacía que ostenta este Foro, procedemos a decretar la suspensión inmediata e indefinida del licenciado Pérez Almeyda del ejercicio de la abogacía.

## IV

Por las razones antes esbozadas, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía al Lcdo. Nolan Pérez Almeyda.

Además, el señor Pérez Almeyda deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente.

De igual manera, el señor Pérez Almeyda deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le

reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nolan Pérez Almeyda
     (TS-11,654)

**AB-2025-0029**

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de junio de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de esta Sentencia, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía al Lcdo. Nolan Pérez Almeyda.

Además, el señor Pérez Almeyda deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente.

De igual manera, el señor Pérez Almeyda deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar

que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo