EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
| --- | --- |
| In re: <br><br><br> Sylvia M. Soto Matos <br> (TS-15,955) | 2024 TSPR 91 <br><br> 214 DPR ___ |

Número del Caso: AB-2023-0270


Fecha: 16 de agosto de 2024


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplimiento con las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Sylvia M. Soto Matos
(TS-15,955)

AB-2023-0270

**PER CURIAM**

En San Juan, Puerto Rico, a 16 de agosto de 2024.

Nuevamente, nos vemos obligados a ejercer nuestra facultad disciplinaria sobre otro miembro de la abogacía por incumplir con los postulados éticos que rigen la gestión de todos y todas los que practican la profesión legal.

En el día de hoy, intervenimos disciplinariamente con la Lcda. Sylvia M. Soto Matos y decretamos su suspensión inmediata e indefinida de la práctica de la abogacía y de la notaría.

Veamos las circunstancias fácticas que sustentan nuestra determinación.

**I.**

La Lcda. Sylvia M. Soto Matos (licenciada Soto Matos) fue admitida al ejercicio de la abogacía el 29 de agosto de 2006 y prestó juramento como notaria el 15 de septiembre del mismo año.

El proceso que mediante esta *Opinión Per Curiam* atendemos tuvo su origen el pasado 23 de octubre de 2023, cuando la Sra. Andrely M. Ramos Rosario (promovente) presentó una *Queja* contra la licenciada Soto Matos porque presuntamente ésta última asumió la representación legal del padre de la promovente en un caso de división de bienes sin consentimiento alguno. De igual forma, adujo que, en otro procedimiento, la licenciada Soto Matos renunció a la representación de su padre para defender los intereses de ciertos clientes adversos.

Consecuentemente, el 9 de noviembre de 2023, la Subsecretaria de este Tribunal le envió una misiva a la licenciada Soto Matos en la que le concedió un término de diez (10) días para que contestara la queja en su contra.

Una vez transcurrió el plazo otorgado sin que recibiéramos contestación alguna de la licenciada Soto Matos, se le volvió a cursar una segunda notificación concediéndole un término adicional de diez (10) días para que contestara la queja.

El tiempo otorgado pasó y tampoco recibimos contestación de la abogada. Por ello, procedimos a emitir una *Resolución* el 29 de enero de 2024 en la que le concedimos un término de diez (10) días para que la licenciada Soto Matos mostrara causa por la cual no se le debía suspender del ejercicio de la abogacía por incumplir con los requerimientos de este Tribunal. Esta orden fue ignorada, por lo que los días 27 de

febrero de 2024 y 9 de abril de 2024, emitimos una segunda y tercera *Resolución* con la misma orden.

Nuevamente, la letrada hizo caso omiso a nuestras órdenes, por lo que el 31 de mayo de 2024 le concedimos un **término final de diez (10) días** para que la licenciada Soto Matos compareciera mostrando causa y contestara la queja. **Dicho plazo transcurrió y aun no hemos recibido contestación ni expresión alguna por parte de la abogada**.

## II.

### A. *Canon 9 del Código de Ética Profesional*

Desde el momento preciso en que cada abogado presta juramento como tal y es admitido a la profesión de la abogacía, este se compromete a fijar su conducta íntimamente a las normas establecidas en el Código de Ética Profesional.[1] El propósito de este cuerpo rector recae en "promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia".[2]

Así las cosas, el Canon 9 del Código de Ética Profesional, *supra*, codifica el mandato ético que obliga a todo abogado a atender y obedecer las órdenes del Tribunal y las de cualquier otro foro ante el que se encuentre obligado a comparecer. Particularmente, le impone a los letrados "el

---

[1] 4 LPRA Ap. IX.
[2] *In re Torres Rivera*, 2022 TSPR 107.

deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto".[3] Cuando se trata de procesos disciplinarios, los integrantes de la profesión legal tienen el deber de responder diligente y oportunamente a nuestros requerimientos y órdenes.[4]

Por ello, un abogado que desatiende los requerimientos realizados en el curso de un procedimiento disciplinario denota "indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal".[5]

Así, pues, no podemos tomar livianamente la actitud de indiferencia hacia la autoridad de este Tribunal. Lo anterior resulta causa suficiente para decretar la suspensión inmediata de cualquier abogado.[6]

**III.**

Del recuento fáctico antes reseñado se desprende que la actitud de la licenciada Soto Matos ha sido una de indiferencia y desidia ante las múltiples órdenes que ha emitido este Tribunal para con su persona. A saber, le hemos otorgado más de cinco (5) oportunidades a la licenciada Soto Matos para que comparezca y presente la contestación a la queja en su contra, pero no hemos obtenido respuesta.

---

[3] *In re Torres Rivera*, supra.
[4] *In re Lajara Radinson*, 207 DPR 854 (2021); *In re Colón Rivera*, 206 DPR 1073 (2021).
[5] *In re Jiménez Meléndez*, 198 DPR 453, 457 (2017).
[6] Íd.

Lamentablemente, ni contando con el apercibimiento de que su conducta indolente podría repercutir en su suspensión de la abogacía, la licenciada Soto Matos se ha dignado a responder a nuestros requerimientos. Definitivamente la conducta de la letrada, a todas luces, demuestra falta de interés para continuar ejerciendo la profesión legal.

En vista de ello, y considerando el incumplimiento reiterado con nuestras órdenes, decretamos la suspensión de la licenciada Soto Matos del ejercicio de la abogacía y de la notaría de manera inmediata e indefinida.

**IV.**

Consecuentemente, le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y su correspondiente *Sentencia*. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De igual forma, el Alguacil de este Tribunal deberá incautar inmediatamente la totalidad de la obra protocolar y sello notarial de la señora Soto Matos y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Se dictará Sentencia de Conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sylvia M. Soto Matos

(TS-15,955)

AB-2023-0270

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de agosto de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia*, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría de la Lcda. Sylvia M. Soto Matos.

A la luz de lo anterior, le imponemos a la letrada el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. No hacerlo, pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

De igual forma, el Alguacil de este Tribunal deberá incautar inmediatamente la totalidad de la obra protocolar y sello notarial de la señora Soto Matos y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo