Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ LUIS COLÓN GARCÍA Y OTROS<br><br>PETICIONARIOS<br><br><br>v.<br><br>BECTON DICKINSON CARIBE LTD<br><br>RECURRIDO | KLCE202401368 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br><br>Caso Núm. CG2023CV01183<br><br>Sobre: Daños y Otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Pagan Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de enero de 2025.

### I.

El 17 de diciembre de 2024, el señor José Luis Colón García (señor Colón García) y la señora Gladys Esther Bones, su esposa (en conjunto, peticionarios) presentaron una petición de *Certiorari* en la que solicitaron que revoquemos una *Orden* emitida, notificada y archivada digitalmente el 3 de octubre de 2024 por el Tribunal de Primera Instancia, Sala de Superior de Caguas (TPI o foro primario).[1] Mediante el dictamen, el TPI declaró No Ha Lugar una solicitud de los peticionarios para presentar una primera *Demanda Enmendada* en el pleito sobre despido injustificado, discrimen por edad y daños y perjuicios que promueven en contra de Becton Dickinson Caribe LTD (Becton Dickinson o parte recurrida).

El 19 de diciembre de 2024, emitimos una *Resolución* en la que le concedimos a la parte recurrida un término de diez (10) días para exponer su posición sobre los méritos del recurso.

---

[1] Apéndice de la petición de *Certiorari*, Anejo 24, pág. 56.

Número Identificador
SEN2025_____

El 2 de enero de 2024, Becton Dickinson presentó una *Moción en cumplimiento de orden* en la que informó que no se oponía a la expedición del auto de *certiorari* solicitado. A su vez, expresó que no concedía los méritos de las alegaciones presentadas por los peticionarios y se reservó el derecho de impugnar y refutar los nuevos argumentos según avanzara el litigio ante el foro primario.

Tomando en cuenta la expresión de la parte recurrida, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos procesales más relevantes a su atención.

**II.**

El caso de marras tiene su génesis el 21 de abril de 2023 cuando los peticionarios radicaron una *Demanda* ante el TPI en contra de Becton Dickinson por alegados daños y perjuicios causados por discrimen por edad y despido injustificado.[2] En la reclamación alegó que:

(1) Para la fecha de los hechos, el señor Colón García había trabajado en Becton Dickinson por poco más de 13 años.
(2) El 23 de junio de 2022, el señor Colón García fue notificado de que estaba fuera de sus funciones porque estaba siendo investigado, pero no se le indicaron las razones de la investigación.
(3) Al momento de presentar la *Demanda*, no se le había indicado de forma clara las razones de su remoción.
(4) El señor Colón García cumplió 60 años el 18 de diciembre de 2021.
(5) Inmediatamente después de la salida del señor Colón García, Becton Dickinson contrató a una persona menor y sin mayor preparación para sustituirlo.
(6) El señor Colón García tuvo que tolerar un serio discrimen por edad y por reclamaciones que hizo ante el Fondo del Seguro del Estado (FSE).
(7) Desde el 29 de junio de 2022, el señor Colón García recibía tratamiento médico en el FSE tras un accidente surgido en las facilidades de la empresa.
(8) Al señor Colón García no se le realizaron señalamientos negativos sobre sus ejecutorias en su área de trabajo.
(9) Su despido fue sin justa causa.

En consecuencia, solicitó que a la parte recurrida se le ordenara pagar a los peticionarios quinientos mil dólares ($500,000.00), más una suma no menor ciento sesenta y cinco mil dólares

---

[2] Apéndice de la petición de *Certiorari*, Anejo 1, págs. 1-4.

($165,000.00) por concepto de honorarios de abogado, más el sueldo dejado de devengar.

El 26 de julio de 2023, Becton Dickinson presentó una *Contestación a demanda* en la que negó la mayoría de los hechos materiales según alegados por los peticionarios y solicitó que se declarara No Ha Lugar la *Demanda.*[3] Respecto a los hechos, alegó afirmativamente que:

(1) El 23 de junio de 2022, al señor Colón Rivera se le informó que estaba siendo investigado a raíz de una queja presentada por otro empleado.

(2) El 16 de junio de 2022, otro empleado había presentado una queja en la que expresó que el señor Colón Rivera utilizaba lenguaje ofensivo y generaba un ambiente laboral tenso y desmotivador.

(3) Otros dos empleados alegaron que el señor Colón Rivera tenía un historial de conflictos con otros compañeros y que su actitud generaba incomodidad en los demás.

(4) El señor Colón Rivera admitió haber faltado el respeto a sus compañeros y realizó otras expresiones referentes al empleado que presentó la queja en su contra.

(5) Ese mismo día, se le comunicó que estaría siendo suspendido con paga hasta que se concluyera la investigación.

(6) Aunque la persona que sustituyó al señor Colón Rivera es menor que él en edad, para su contratación se siguió el proceso de requisición del puesto y publicación de la vacante, se entrevistaron candidatos internos y externos y se seleccionó a la persona más cualificada.

(7) El señor Colón Rivera nunca se quejó sobre el alegado discrimen que sufrió durante su tiempo en Becton Dickinson.

(8) El señor Colón Rivera se acogió a los beneficios del FSE luego de ser suspendido, tal y como describió en la reclamación. Durante su tiempo en Becton Dickinson, no reportó enfermedad o accidente alguno.

(9) El señor Colón Rivera no fue despedido, sino que presentó su carta de renuncia el 3 de agosto de 2022 para acogerse al beneficio de retiro ofrecido por Becton Dickinson.

(10) El señor Colón Rivera tuvo un patrón de conducta insatisfactoria que resultó en la imposición de acciones correctivas.

El 4 de abril de 2024, se celebró una Conferencia con antelación a juicio, cuyas incidencias quedaron recogidas en una *Minuta* transcrita el 12 de abril de 2024.[4] Producto de la vista, el TPI les concedió un término a los peticionarios para notificar su nueva

---

[3] Íd., Anejo 5, págs. 14-20.
[4] Íd., Anejo 7, pág. 22.

representación legal, luego de que su abogada, la Lcda. Sylvia M. Soto Matos (Lcda. Soto Matos), anunciara que renunciaría a la representación legal por motivos de salud.

El 23 de mayo de 2024, los peticionarios radicaron una *Moción certificando envío de interrogatorio* en la que informaron que enviaron a Becton Dickinson un *Primer pliego de interrogatorio y requerimiento de documentos*.[5]

El 3 de junio de 2024, Becton Dickinson presentó una *Moción informativa* en la que expresó que los peticionarios habían incumplido con el término concedido para anunciar su nueva representación legal y, en lugar de ello, notificaron al foro recurrido que enviaron el *Primer pliego de interrogatorio y requerimiento de documentos*, pero no lo hicieron llegar a la parte recurrida.[6]

Ese mismo día, el TPI emitió, notificó y archivó digitalmente una *Orden* en la que le ordenó a los peticionarios cumplir con lo dispuesto en la *Minuta* del 4 de abril de 2024.[7]

El 24 de junio de 2024, los peticionarios radicaron nuevamente la misma *Moción certificando envío de interrogatorio* que presentaron el 23 de mayo de 2024.[8]

El 8 de julio de 2024, Becton Dickinson presentó una *Moción de desestimación por inactividad al amparo de la Regla 39.2(b) de Procedimiento civil* en la que solicitó al TPI que desestimara el pleito por razón de inactividad.[9] Según adujo, los peticionarios no efectuaron trámite sustantivo alguno por más de un año posterior a la presentación de la *Demanda*.

---

[5] Íd., Anejo 10, págs. 26-27. La moción está firmada digitalmente por la Lcda. Soto Matos.
[6] Íd., Anejo 12, págs. 29-30.
[7] Íd., Anejo 13, pág. 31.
[8] Íd., Anejo 14, págs. 32-33. Nuevamente la moción fue sometida por la misma representación legal anterior.
[9] Íd., Anejo 15, págs. 34-39.

Ese mismo día, el TPI emitió una *Orden* en la que declaró No Ha Lugar la solicitud de desestimación de la parte recurrida.[10]

El 16 de julio de 2024, Becton Dickinson radicó una *Breve moción de reconsideración* en la que solicitó al TPI que revirtiera el rechazo a su solicitud de desestimación.[11]

El 23 de julio de 2024, el foro primario emitió una *Orden* en la que declaró No Ha Lugar la reconsideración promovida por la parte recurrida.[12]

El 8 de agosto de 2024, Becton Dickinson presentó una *Moción informativa* en la que informó que recibió de los peticionarios el interrogatorio y requerimiento de documentos, sin que coordinaran una primera reunión para el descubrimiento de prueba.[13] En adición, expresó que enviaría sus propios requerimientos y pautaría la deposición del señor Colón García.

El 28 de agosto de 2024, la parte recurrida presentó una *Moción informativa y solicitud de término para que la parte demandante presente nueva representación legal* en la que solicitó que a los peticionarios se les impusiera un término para que comparecieran con su nueva representación legal, se le ordenara coordinar la reunión inicial para comenzar el descubrimiento de prueba y se ordenara que cualquier notificación se enviara a la dirección física del señor Colón Rivera.[14]

El 29 de agosto de 2024, el TPI emitió una *Orden* en la que le concedió un término de treinta (30) días a los peticionarios para gestionar su representación legal.[15] A su vez, ordenó que la nueva representación legal de los peticionarios coordinara la reunión

---

[10] Íd., Anejo 16, pág. 40. Notificada y archivada digitalmente el 9 de julio de 2024.
[11] Íd., Anejo 17, págs. 41-42.
[12] Íd., Anejo 18, pág. 43. Notificada y archivada digitalmente el 24 de julio de 2024.
[13] Íd., Anejo 19, págs. 44-45.
[14] Íd., Anejo 20, págs. 46-47.
[15] Íd., Anejo 21, pág. 48.

inicial, conforme mandata la Regla 37.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.1.

El 19 de septiembre de 2024, los peticionarios radicaron una *Moción asumiendo representación legal* en la que la Lcda. Marisabel Renta Soto asumió la representación legal de los peticionarios.[16] En adición, solicitó un término de diez (10) días para presentar una *Demanda enmendada*, toda vez que entendía que, de un examen de la *Demanda*, era necesario realizar un cálculo de la mesada reclamada, entre otras cosas.

El 3 de octubre de 2024, los peticionarios presentaron una *Moción solicitando autorización para presentar Demanda enmendada* en la que solicitaron al foro primario que autorizara la presentación de una *Demanda Enmendada*, la cual incluyeron como anejo de la moción.[17] En esta, reorganizaron la reclamación, enmendaron las alegaciones y delinearon de forma más precisa las tres (3) causas de acción. En concreto, incluyeron las siguientes alegaciones de hechos:

> [...]
> 4. Que el demandante fue contratado para trabajar con la demandada por tiempo indeterminado el 1 de diciembre del 2008.
>
> 5. Que el día 23 de junio de 2022, el señor Colon García fue notificado que estaba suspendido de sus funciones por tiempo indeterminado ya que alegadamente se estaba realizando una investigación debido a una querella en su contra.
>
> 6. Al estar suspendido de sus funciones el Sr. Colón padeció de ansiedad y depresión por lo que fue a buscar servicios del Fondo del Seguro del Estado.
>
> 7. El Fondo del Seguro del Estado determinó que el Sr. Colón no tenía condición relacionada al empleo.
>
> 8. Desde su suspensión el 23 de junio de 2022, el Sr. Colón no recibió comunicación alguno [sic] del patrono y del estado de la investigación.
>
> 9. Que durante su suspensión le pagaron dos quincenas de su licencia de vacaciones.

---

[16] Íd., Anejo 22, pág. 49.
[17] Íd., Anejo 23, págs. 50-55.

10. Que durante la alegada investigación, el Sr. Edwin Reyes se comunicó al teléfono del demandante quien estaba hospitalizado por su situación emocional, y solicitó se entregara la tarjeta de acceso de la compañía.

11. Posteriormente, al no recibir pago del patrono el empleado se comunicó con patrono para preguntar sobre sus derechos a cobrar, le indicaron que debía presentar una carta de renuncia y así podría cobrar el retiro.

12. El Sr. Colón se vio obligado a solicitar el retiro ya que tenía la edad y para poder recibir paga que sustente su familia.

13. Al Sr. Colón no se le indicó las razones de la investigación. Al día de hoy no se le ha indicado de forma clara las razones de removerlo de sus funciones. Por lo que el demandante entendió que se trataba de un despido tácito.[18]

Adoptando dichas alegaciones, esbozaron como causas de acción: (1) despido injustificado, bajo el palio de la *Ley sobre despidos injustificados*, Ley Núm. 80 de 1976, según enmendada, 29 LPRA secs. 185a *et seq.*; (2) discrimen por razón de edad, al amparo de la *Ley Antidiscrimen de Puerto Rico*, Ley Núm. 100 de 1959, según enmendada, 29 LPRA secs. 146 *et seq.*; y (3) discrimen por razón de incapacidad, conforme a la *Ley para prohibir el discrimen contra las personas con impedimentos físicos, mentales o sensoriales*, Ley Núm. 44 de 1985, según enmendada, 1 LPRA secs. 501 *et seq.*

El 3 de octubre de 2024, el TPI emitió, notificó y archivó digitalmente la *Orden* recurrida en la que declaró No Ha Lugar la solicitud de los peticionarios para presentar una *Demanda enmendada*.[19]

El 17 de octubre de 2024, los peticionarios radicaron una *Moción en reconsideración a orden del 3 de octubre de 2024* en la que reiteraron su solicitud para que se permitiera la presentación de la *Demanda enmendada*.[20] En ella, expresaron lo siguiente:

1. El pasado 19 de septiembre de 2024, asumimos representación legal de la parte demandante de epígrafe, ya que ésta se quedó sin representación legal

---

[18] Íd., pág. 53.
[19] Íd., Anejo 24, pág. 56.
[20] Íd., Anejo 25, págs. 57-61.

debido a que la Lcda. Silvia M Soto Matos quedó **suspendida indefinidamente** del ejercicio de la abogacía mediante caso número 2024 TSPR 91.

2. Tan pronto nos convertimos en la nueva representación de la demandante hicimos un estudio de la demanda. Lo anterior, en conjunto con la entrevista al cliente e inspección de los documentos relacionados, entendemos de suma importancia realizar una Alegación Enmendada. Ya que nosotros como su actual representación legal entendemos que no se añadieron hechos que comprenden elementos importantes de las causas de acción.

[...]

11. Entendemos que las deficiencias en la demanda original se deben a la impericia de la pasada representación legal. A tal grado esta hoy ya no es abogada. No nos parece justo que tal insuficiencia la tenga que pagar el Sr. José Colón.

Sostener la determinación de denegar la Demanda Enmendada redundaría en privarle a la parte demandante una representación legal adecuada y digna para la tramitación de su causa. Solicitamos que se permita la enmienda y aseguramos que lo anterior es en servicio a la justicia. (Ennegrecido en el original).[21]

Además, arguyeron que el TPI debía tomar en consideración que la enmienda a la reclamación no le causaría perjuicio a la parte recurrida. En ese mismo sentido, añadieron que la *Demanda enmendada* reclamaría un tercio de la compensación monetaria exigida en la *Demanda* original.

El 18 de noviembre de 2024, el foro primario emitió, notificó y archivó digitalmente una *Orden* en la que declaró No Ha Lugar la reconsideración solicitada por los peticionarios.[22]

Inconformes, los peticionarios presentaron la petición de *Certiorari* de epígrafe y le imputaron al TPI la comisión de los siguientes errores:

1) Erró el Tribunal de Primera Instancia en no permitir Enmienda a la Demanda, ya que la misma no causa perjuicio a la otra parte y no representaría dilaciones innecesarias en el procedimiento de autos.

2) Erró el Tribunal de Primera Instancia en no permitir Enmienda a la Demanda, dicha denegatoria es un abuso de su discreción lo que hace la determinación una caprichosa y arbitraria además que limita proveer una representación legal adecuada a la parte demandante.

---

[21] Íd., págs. 57-61.
[22] Íd., Anejo 26, pág. 62.

Su posición es que los elementos a considerar para autorizar o denegar una enmienda a la demanda promueven que se permita la presentación de la *Demanda enmendada*. Al respecto, plantean que: (1) no se le causará perjuicio indebido a la parte recurrida; (2) la demora se debe exclusivamente a la anterior representación legal de los peticionarios, que fue suspendida indefinidamente por el Tribunal Supremo de Puerto Rico; (3) la organización, claridad y remedios solicitados simplificarían la tramitación del pleito; (4) este pleito fue presentado y desistido en el pasado, por lo cual los peticionarios no estaban en posición de desistir nuevamente sin perjuicio; (5) aunque ha pasado más de un año entre la presentación de la *Demanda* y la solicitud de enmienda, el tiempo transcurrido no hace forzosa la denegatoria; y (6) el descubrimiento de prueba no ha comenzado.

El 2 de enero de 2024, Becton Dickinson radicó una *Moción en cumplimiento de orden* en la que expresó que no se opone a la expedición del *certiorari* solicitado.

En adelante, pormenorizamos el derecho aplicable a la petición de *Certiorari* que nos ocupa.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1,[23] establece las instancias en las que le foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorar*i que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Contruction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[24]

---

[23] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[24] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

**B.**

Según establece la Regla 1 de Procedimiento Civil, *supra*, R. 1, las Reglas de Procedimiento Civil deben ser interpretadas de forma que "faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica". Siguiendo ese mismo espíritu, nuestro Tribunal Supremo ha delineado una clara política pública de que los casos deben ventilarse en los méritos. ***Colón Rivera v. Wyeth Pharm.,*** 184 DPR 184, 198 (2012); ***Rivera et al. v. Superior Pkg, Inc. et al.,*** 132 DPR 115, 124 (1992).

Por lo anterior, en el contexto de las enmiendas a las alegaciones, tanto las Reglas de Procedimiento Civil, *supra*, como la doctrina interpretativa favorecen su autorización. Regla 13.1 de Procedimiento Civil, *supra,* R. 13.1; ***Colón Rivera v. Wyeth Pharm.,*** supra; ***S.L.G. Font Bardón v. Mini-Warehouse,*** 179 DPR 322 (2010). En concreto, la Regla 13.1 de Procedimiento Civil, *supra,* R. 13.1, dispone lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera.** La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación

---

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene. (Ennegrecido nuestro).

Así, esta Regla establece una directriz respecto a la concesión liberal de este remedio, disponiendo que se procede autorizarlo "cuando la justicia así lo requiera". ***S.L.G. Sierra v. Rodríguez,*** 163 DPR 738, 747 (2005). Además, faculta al tribunal con discreción para determinar la procedencia de la enmienda a las alegaciones y, como norma general, favorece que se conceda. Íd.

Para guiar a los tribunales en la evaluación de solicitudes para enmendar las alegaciones, nuestro más alto foro ha diseñado los siguientes criterios: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte y (4) la procedencia de la enmienda solicitada. ***León Torres v. Rivera Lebrón,*** 204 DPR 20, 35-36 (2020); ***S.L.G. Font Bardón v. Mini-Warehouse,*** supra, pág. 334; ***S.L.G. Sierra v. Rodríguez,*** supra, pág. 748. Estos criterios deben ser analizados en conjunto. ***S.L.G. Sierra v. Rodríguez,*** supra, págs. 749-750. Sin embargo, el factor más importante, determinante y de mayor relevancia es el perjuicio indebido que la enmienda pueda causar a la parte contraria, sin que ello signifique que los demás elementos no deban ser considerados. ***Colón Rivera v. Wyeth Pharm.,*** supra, pág. 204; ***S.L.G. Sierra v. Rodríguez,*** supra, pág. 750.

En ese análisis, debe considerarse que ocurre un perjuicio indebido cuando la enmienda: "(1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". Íd. Por eso, se ha teorizado que el perjuicio debe ser indebido en el "sentido de que coloque a la parte contraria en una situación de desventaja respecto a lo que es el

trámite ordenado del litigio". Íd., pág. 200, citando a W. Vázquez Irizarry, *Procedimiento Civil*, 75 Rev. Jur. UPR 175, 197 (2006).

Por el contrario, un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. Íd.; ***S.L.G. Font Bardón v. Mini-Warehouse,*** supra, pág. 336. Asimismo, el tiempo transcurrido entre la presentación de la *Demanda* original y la enmienda propuesta, por sí solo, tampoco causa perjuicio indebido. Íd. pág. 199; ***S.L.G. Sierra v. Rodríguez,*** supra, pág. 749.

**IV.**

En esta ocasión tenemos la oportunidad de evaluar si procede permitir la presentación de una *Demanda enmendada* que fue denegada de plano por el TPI.

Según los peticionarios, la enmienda no le causaría perjuicio a la parte recurrida, ni representaría dilaciones innecesarias en el pleito. A esto, añaden que la denegatoria constituye un abuso de discreción del foro primario y atenta en contra de la representación legal adecuada de los peticionarios.

Entretanto, Becton Dickinson no se opuso a la expedición del recurso de *Certiorari* solicitado. Es decir, no tiene reparos con que le ordenemos al TPI permitir la presentación de la *Demanda enmendada.*

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que procede expedir el auto de *Certiorari*, revocar la *Orden* recurrida y ordenar al TPI que permita la presentación de la *Demanda enmendada*. Un examen sosegado del trámite procesal del litigio a la luz de los factores esbozados en la jurisprudencia arroja que no existe óbice para conceder la enmienda a las alegaciones que solicitaron los peticionarios.

En primer lugar, el tiempo transcurrido previo a la enmienda no es razón para denegar la autorización solicitada. Tal y como demuestran las incidencias procesales del pleito, el litigio no se encuentra en una etapa avanzada, puesto que no se ha comenzado el descubrimiento de prueba, únicamente se notificó el primer pliego de interrogatorios a la parte recurrida y no se ha realizado otra conferencia o reunión preliminar con la nueva representación de los peticionarios. Además, sabido es que el paso del tiempo, por sí solo, no obliga a los tribunales a negar el permiso para enmendar las alegaciones. ***Colón Rivera v. Wyeth Pharm.,*** supra; ***S.L.G. Sierra v. Rodríguez,*** supra.

En segundo lugar, los peticionarios explicaron la razón de la demora en solicitar autorización para enmendar la demanda. Según esbozaron en la *Moción solicitando autorización para presentar Demanda enmendada*, la solicitud se produjo a partir del cambio en la representación legal de los peticionarios, provocado por razones de salud de la Lcda. Sylvia M. Soto Matos, así como su suspensión del ejercicio de la abogacía por el Tribunal Supremo. Ocurrida la sustitución, la nueva representación legal de los peticionarios, de forma diligente, entendió necesario atender deficiencias en la *Demanda* que solo redundarían en perjuicio de estos y su derecho a reclamar. Así lo informó desde su primera comparecencia, en la cual asumió la representación de los peticionarios. Adviértase, también, que el caso se tramita bajo el procedimiento ordinario.

En tercer lugar, más importante aún, la autorización de la *Demanda enmendada* no representará un perjuicio indebido a la parte recurrida. Tanto es así que dicha parte no se opuso a que resolviéramos a favor de los peticionarios y se allanó a que se permita la *Demanda enmendada.* Los cambios solicitados no alteran sustancialmente la naturaleza o el alcance de este pleito, ni convierte en tangencial la controversia inicial. Por el contrario,

aclaran las alegaciones de los peticionarios en cuanto a lo reclamado. Asimismo, las enmiendas no obligan a la parte contraria a incurrir en gastos adicionales, ni a alterar su estrategia en el litigio. Es decir, como se consigna en la posición expresada por Becton Dickinson en su comparecencia ante esta Curia al allanarse a la expedición del auto de *Certiorari*.

A la luz de lo anterior, procede revocar la *Orden* recurrida, toda vez que no existe razón que justifique denegar la presentación de la *Demanda enmendada* según lo solicitaron los peticionarios. Considerados los elementos esbozados, la justicia requiere permitir la presentación de la *Demanda enmendada*.

**V.**

Por los fundamentos pormenorizados, se *expide* el auto de *Certiorari* y se *revoca* la *Orden* emitida, notificada y archivada digitalmente por el TPI el 3 de octubre de 2024. En consecuencia, se permite la presentación de la *Demanda enmendada* y se ordena la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones