EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 105 |
| | |
| Jenniffer Ortiz Santiago (TS-20,946) | 216 DPR ___ |

Número del Caso: AB-2024-0106

Fecha: 20 de octubre de 2025

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por infringir el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jenniffer Ortiz Santiago          AB-2024-0106
     (TS-20,946)

PER CURIAM

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Una vez más nos corresponde ejercer nuestra facultad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la abogacía y la notaría a una profesional del derecho por incumplir reiteradamente con las órdenes de este Tribunal.

I

La Lcda. Jenniffer Ortiz Santiago prestó el juramento necesario para ejercer la profesión de la abogacía el 15 de febrero de 2017. Además, fue admitida al ejercicio de la notaría el 29 de junio de 2017.

El 13 de mayo de 2024, la Sra. Elivette Rivera Colón presentó una queja en contra de la licenciada Ortiz Santiago debido a que la letrada no completó

unas gestiones para las cuales fue contratada relacionadas con la formalización de un matrimonio. En específico, la señora Rivera Colón alegó que contrató los servicios de la letrada para celebrar su matrimonio el 6 de febrero de 2024. Indicó, además, que la ceremonia se llevó a cabo vía videollamada, pero que, a pesar de múltiples esfuerzos y comunicaciones posteriores, la licenciada Ortiz Santiago no presentó los documentos ante el Registro Demográfico ni completó el trámite del matrimonio. Sostuvo que la togada incurrió en incumplimiento de contrato y engaño, lo cual le causó daños morales y pérdidas económicas.

El 7 de junio de 2024 enviamos copia de la queja presentada por la señora Rivera Colón a la licenciada Ortiz Santiago. Junto con esta, la apercibimos de su deber de contestar la queja y notificar su contestación a la señora Rivera Colón, según lo dispone la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

Posteriormente, el 25 de octubre de 2024 archivamos la queja luego de que la señora Rivera Colón solicitara su retiro por haber alcanzado un acuerdo con la letrada en el mismo mes de junio. En este convenio, la licenciada Ortiz Santiago se comprometió a indemnizar a la promovente por los daños causados mediante un pago mensual por un periodo de diez meses.

Ante ese escenario, en los días 1 y 8 de abril de 2025 la señora Rivera Colón presentó una moción para solicitar el pago de lo adeudado, pues alegó que no recibía un pago de

parte de la togada desde enero de 2025 y la deuda acordada no estaba salda. Además, solicitó que requiriéramos a la letrada entregar toda documentación relacionada con la celebración del matrimonio. Sometida la moción por derecho propio, el 2 de mayo de 2025 le ordenamos a la licenciada Ortiz Santiago expresarse en cuanto a las mociones de la promovente en un término de veinte días. No obstante, el término transcurrió sin su comparecencia. Así pues, el 2 de julio de 2025 le concedimos un término de veinte días para mostrar causa por la cual no debíamos suspenderla inmediata e indefinidamente de la profesión de la abogacía.

Entretanto, la señora Rivera Colón presentó dos mociones los días 17 y 29 de julio de 2025. En la primera, afirmó que no había recibido pago ni comunicación alguna de parte de la licenciada Ortiz Santiago. Asimismo, suplicó, entre otras cosas, que ordenáramos a la letrada cumplir con el pago correspondiente al acuerdo, así como entregar toda documentación relacionada con la celebración del matrimonio. Por su parte, en la segunda moción, la señora Rivera Colón replicó a ciertas alegaciones escritas de la licenciada Ortiz Santiago sobre las cuales no tenemos constancia. Según se desprende de dicha moción, la letrada afirma haber enviado la cantidad adeudada por razón del acuerdo por correo certificado el 14 de julio de 2025. Sin embargo, la señora Rivera Colón sostuvo que no ha recibido el pago, por lo cual, solicitó que la letrada presente evidencia del pago. Además, reiteró su solicitud de que se le devuelva toda la

documentación relacionada con la formalización del matrimonio.

Dado que la licenciada Ortiz Santiago no acató ninguna de nuestras órdenes para que se expresara en cuanto a lo alegado por la señora Rivera Colón, el 4 de agosto de 2025 le concedimos un término final e improrrogable de diez días para que presentara el escrito al cual aludió la señora Rivera Colón en su moción de 29 de julio de 2025. Nuevamente, la licenciada Ortiz Santiago no cumplió con nuestro requerimiento.

Todas nuestras resoluciones fueron notificadas a la licenciada Ortiz Santiago a su dirección de correo electrónico consignada en el Registro Único de Abogados y Abogadas (RUA). Sin embargo, hasta el día de hoy la togada no ha comparecido ante nos.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente y exclusivo para reglamentar la profesión de la abogacía. In re Oller López, 2025 TSPR 34, 215 DPR __ (2025); In re Soto Peña, 213 DPR 663, 675 (2024); In re Gervitz Carbonell, 162 DPR 665, 685-686 (2004). El Código de Ética Profesional contiene las normas mínimas sobre la conducta de los integrantes de la profesión legal. Preámbulo del Código de Ética Profesional, 4 LPRA Ap. IX. Ante un incumplimiento con las normas que impone el ordenamiento ético, es nuestra providencia sancionar disciplinariamente al infractor. In re Hernández López, 2025 TSPR 87, 216 DPR __ (2025); In re

Pierluisi Isern, 213 DPR 170, 173 (2023); In re Torres
Alvarado, 212 DPR 477, 485 (2023).

El Canon 9 del Código de Ética Profesional, supra,
dispone que el abogado debe observar hacia los tribunales una
conducta caracterizada por el mayor respeto. In re Vélez
Goveo, 214 DPR 528, 533 (2024); In re Lajara Radinson, 207
DPR 854, 863 (2021); In re Cintrón Rodríguez, 205 DPR 299,
308 (2020). En lo pertinente, hemos dictado que todo miembro
de la clase togada está obligado a cumplir con las órdenes de
este Tribunal de manera oportuna y diligente, particularmente
cuando estas emanan de un procedimiento disciplinario. In re
Wilamo Guzmán, 212 DPR 104, 107 (2023); In re Maldonado
Trinidad, 209 DPR 1032, 1034 (2022); In re Irizarry Irizarry,
190 DPR 368, 374 (2014). En consecuencia, cuando un integrante
de la profesión legal no cumple con nuestros requerimientos,
este invariablemente demuestra menosprecio e indiferencia
hacia la autoridad del foro judicial y, por ende, quebranta
el Canon 9. In re Vélez Goveo, supra, pág. 534; In re Ortiz
Medina, 198 DPR 26, 31 (2017); In re Massanet Rodríguez, 188
DPR 116 (2013).

El deber de emplear atención y obediencia estricta a las
órdenes de los foros a los cuales esté obligado a comparecer
surge de la propia naturaleza de la función del abogado. In
re Irizarry Irizarry, supra, pág. 374; In re García Ortiz,
187 DPR 507, 524 (2012). Asimismo, es incuestionable que, en
los procesos disciplinarios, la desatención a los
requerimientos realizados afecta la administración de la

justicia, pues causa demoras injustificadas. In re Pérez Rojas, 2025 TSPR 90, 216 DPR __ (2025); In re López Santiago, 199 DPR 797, 808 (2018).

Marcadamente, el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos en un proceso disciplinario constituyen causa suficiente para la suspensión inmediata e indefinida de los letrados. In re Bauzá Tirado, 211 DPR 633, 636 (2023); In re Torres Trinidad, 211 DPR 65 (2023); In re Ocasio Bravo, 209 DPR 1043 (2022). Así pues, una violación del Canon 9 es independiente de los méritos que pueda tener una queja presentada en contra del profesional del derecho. In re Montalvo Delgado, 196 DPR 541, 550 (2016); In re Maldonado Giuliani, 195 DPR 670, 675 (2016).

### III

Los hechos relatados demuestran que la licenciada Ortiz Santiago exhibió un patrón de falta de respeto e indiferencia a nuestras órdenes. La letrada no cumplió con ninguno de nuestros requerimientos para que se expresara en cuanto a las alegaciones de la señora Rivera Colón, aun cuando le exigimos mostrar causa por la cual no debíamos suspenderla inmediata e indefinidamente de la profesión de la abogacía. Lo que es peor, luego de ordenarla a mostrar causa decidimos darle un término final e improrrogable para que presentara el escrito al cual aludía la señora Rivera Colón en su moción de 29 de julio de 2025. No obstante, en claro menosprecio a nuestra autoridad, no compareció en ningún momento.

Evidentemente, el proceder de la licenciada Ortiz Santiago contraviene los postulados del Canon 9 del Código de Ética Profesional, supra. Resulta inoportuno adentrarnos en los méritos de las alegaciones de la señora Rivera Colón, ya que el patrón de conducta de la togada constituye razón suficiente para ejercer nuestro poder disciplinario. Sin duda, el comportamiento de la letrada pone en riesgo la sana administración de la justicia. Ante esta realidad, venimos obligados a suspenderla inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Jenniffer Ortiz Santiago. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta días, contado a partir de la notificación de esta Opinión per curiam y Sentencia.

Por otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial de la Sra. Jenniffer Ortiz Santiago y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión *per curiam* y Sentencia a la señora Ortiz Santiago por medio del correo electrónico registrado en el RUA y personalmente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jenniffer Ortiz Santiago
    (TS-20,946)

AB-2024-0106

SENTENCIA

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Por los fundamentos expuestos en la Opinión *per curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Jenniffer Ortiz Santiago. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta días, contado a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Por otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial de la Sra. Jenniffer Ortiz Santiago y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres

años después de su terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión *per curiam* y Sentencia a la señora Ortiz Santiago por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas y personalmente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Jueza Presidenta Oronoz Rodríguez no intervino.


                              Bettina Zeno González
                    Secretaria del Tribunal Supremo Interina