EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2025 TSPR 116 |
| | 216 DPR ___ |
| Mario Rodríguez Pijuán | |

Número del Caso: TS-6,601

Fecha:  7 de noviembre de 2025

Fondo de Fianza Notarial del Colegio de Abogados y Abogadas de Puerto Rico

      Lcdo. José M. Montalvo Trías
      Director Ejecutivo

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la notaría por incumplimiento con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:


Mario Rodríguez Pijuán          TS-6,601



PER CURIAM

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Por las razones que exponemos a continuación, nos corresponde ejercer nuestra facultad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la notaría a un integrante de la profesión legal.

I

El Lcdo. Mario Rodríguez Pijuán fue admitido al ejercicio de la abogacía el 7 de noviembre de 1979 y al ejercicio de la notaría el 1 de febrero de 1980.

El 4 de noviembre de 2024, el Fondo de Fianza Notarial del Colegio de Abogados y Abogadas de Puerto Rico presentó una moción en la cual informó que el licenciado Rodríguez Pijuán tiene al descubierto el

pago de la fianza notarial desde enero de 2019. Por consiguiente, solicitó la terminación de la fianza otorgada por el Colegio de Abogados y Abogadas de Puerto Rico (CAAPR) y el licenciado Rodríguez Pijuán, la cual habíamos aprobado el 14 de mayo de 2015.

Ante esta solicitud, el 22 de julio de 2025 conferimos al letrado un término de treinta días para que acreditara que obtuvo una fianza notarial para cubrir el periodo que comenzó en enero de 2019 hasta el presente. No obstante, el término transcurrió sin su comparecencia.

Consecuentemente, el 29 de agosto de 2025 concedimos al licenciado Rodríguez Pijuán un término final de diez días para cumplir con la orden señalada. Además, lo apercibimos de que el incumplimiento con nuestro mandato podía conllevar su suspensión de la notaría. A pesar de ello, el notario no compareció.

Así las cosas, procedemos a resolver este asunto sin trámite ulterior.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo profesional del derecho debe observar hacia los tribunales una conducta caracterizada por el mayor respeto. In re Vélez Goveo, 214 DPR 528, 533 (2024); In re Lajara Radinson, 207 DPR 854, 863 (2021); In re Cintrón Rodríguez, 205 DPR 299, 308 (2020). Así pues, cuando un integrante de la profesión legal no cumple con nuestros requerimientos, este invariablemente demuestra menosprecio e indiferencia hacia la autoridad del foro judicial y, por ende,

quebranta el Canon 9. In re Vélez Goveo, supra, pág. 534; In re Ortiz Medina, 198 DPR 26, 31 (2017); In re Massanet Rodríguez, 188 DPR 116 (2013).

Por su parte, el Art. 7 de la Ley Núm. 75 de 2 de julio de 1987, según enmendada, conocida como la Ley Notarial de Puerto Rico, 4 LPRA sec. 2011, establece lo siguiente:

> Ninguna persona autorizada para practicar la profesión notarial en Puerto Rico podrá ejercer sin tener prestada y vigente una fianza por una suma no menor de quince mil (15,000) dólares para responder del buen desempeño de las funciones de su cargo y de los daños y perjuicios que por acción u omisión cause en el ejercicio de su ministerio. Véase, además, Regla 9 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.

La Ley Notarial provee varios mecanismos para cumplir con el requisito de la fianza notarial. Esta puede ser hipotecaria o ser prestada por una aseguradora o el CAAPR. Art. 7 de la Ley Notarial, supra, 4 LPRA sec. 2011. Cuando sea el CAAPR el que provea la fianza, las primas pagadas a esa institución pasarán a formar parte del Fondo de Fianza Notarial del Colegio de Abogados de Puerto Rico, cuyas funciones y propósitos están regulados en el Art. 79 de la Ley Notarial, supra, 4 LPRA sec. 2141.

A su vez, la fianza notarial debe ser renovada anualmente y aprobada por este Tribunal. Art. 7 de la Ley Notarial, supra, 4 LPRA sec. 2011. Un notario que no renueve diligentemente la fianza notarial se expone a la suspensión del ejercicio de la notaría. In re Núñez Vázquez, 197 DPR 506, 512 (2017).

Asimismo, un notario que no tenga vigente la fianza notarial constituye un peligro para el tráfico jurídico de bienes inmuebles y para las personas que a diario utilizan sus servicios. In re Núñez Vázquez, supra, pág. 512; In re Géigel Ginorio, 173 DPR 771, 774 (2008). Por ende, el incumplimiento con el deber de prestar una fianza notarial requiere nuestra intervención disciplinaria. In re Géigel Ginorio, supra, pág. 774.

### III

El licenciado Rodríguez Pijuán hizo caso omiso de nuestras órdenes que le requirieron acreditar que obtuvo una fianza notarial para cubrir el periodo que comenzó en enero de 2019 hasta el presente. Sin duda, esta conducta configura un menoscabo de nuestra autoridad. Pese a que el togado lleva cuarenta y cinco años ejerciendo la notaría, nuestra providencia exige velar porque cada notario cumpla íntegramente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su Reglamento.

En vista de lo anterior y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente al licenciado Rodríguez Pijuán del ejercicio de la notaría.

### IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la notaría del Lcdo. Mario Rodríguez Pijuán. Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Rodríguez Pijuán y entregarlos al Director de la

Oficina de Inspección de Notarías para el correspondiente examen e informe.

Notifíquese esta Opinión *per curiam* y Sentencia al licenciado Rodríguez Pijuán por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) y personalmente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Mario Rodríguez Pijuán                 TS-6,601

SENTENCIA

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Por los fundamentos antes expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la notaría del Lcdo. Mario Rodríguez Pijuán. Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Rodríguez Pijuán y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Notifíquese esta Opinión *per curiam* y Sentencia al licenciado Rodríguez Pijuán por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) y personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo