EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 132 |
| | |
| Mario Rodríguez Pijuán | 216 DPR ___ |

Número del Caso:  TS-6,601


Fecha:  4 de diciembre de 2025



Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento reiterado con las órdenes del Tribunal Supremo.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mario Rodríguez Pijuán              TS-6,601

PER CURIAM

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Nuevamente, nos corresponde ejercer nuestra facultad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la abogacía a un integrante de la profesión legal por incumplir reiteradamente con las órdenes de este Tribunal.

I

El Lcdo. Mario Rodríguez Pijuán fue admitido al ejercicio de la abogacía el 7 de noviembre de 1979 y al ejercicio de la notaría el 1 de febrero de 1980.

El 7 de noviembre de 2025, decretamos la suspensión inmediata e indefinida del ejercicio de la notaría del licenciado Rodríguez Pijuán por incumplir con nuestras órdenes de acreditar que obtuvo una

fianza notarial para cubrir determinado periodo. En consecuencia, ordenamos al Alguacil del Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Rodríguez Pijuán y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

A su vez, el mismo 7 de noviembre de 2025 concedimos un término final e improrrogable de diez (10) días al letrado para mostrar causa por la cual no debíamos suspenderlo inmediata e indefinidamente de la profesión de la abogacía por el incumplimiento reiterado con nuestras órdenes. Además, le apercibimos que de no comparecer entenderíamos que se allanaba a la suspensión de la abogacía. Dicho término venció el 18 de noviembre de 2025 sin que el licenciado Rodríguez Pijuán compareciera.

Así las cosas, procedemos a resolver este asunto sin trámite ulterior.

II

El Tribunal Supremo de Puerto Rico tiene el poder inherente y exclusivo para reglamentar la profesión de la abogacía. In re Ortiz Santiago, 2025 TSPR 105, 216 DPR __ (2025); In re Oller López, 2025 TSPR 34, 215 DPR __ (2025); In re Soto Peña, 213 DPR 663, 675 (2024). El Código de Ética Profesional contiene las normas mínimas sobre la conducta de los integrantes de la profesión legal. Véase, Preámbulo del Código de Ética Profesional, 4 LPRA Ap. IX. Es nuestra providencia sancionar disciplinariamente a los profesionales legales que incumplan con el ordenamiento ético. In re

Hernández López, 2025 TSPR 87, 216 DPR __ (2025); In re Pierluisi Isern, 213 DPR 170, 173 (2023); In re Torres Alvarado, 212 DPR 477, 485 (2023).

El Canon 9 del Código de Ética Profesional, supra, dispone que el abogado debe observar hacia los tribunales una conducta caracterizada por el mayor respeto. In re Rodríguez Pijuán, 2025 TSPR 116, 216 DPR __ (2025); In re Vélez Goveo, 214 DPR 528, 533 (2024); In re Lajara Radinson, 207 DPR 854, 863 (2021). Antaño, hemos afirmado que todo integrante de la profesión legal debe cumplir con las órdenes de este Tribunal de manera oportuna y diligente, particularmente si emanan de un procedimiento disciplinario. In re Wilamo Guzmán, 212 DPR 104, 107 (2023); In re Maldonado Trinidad, 209 DPR 1032, 1034 (2022); In re Irizarry Irizarry, 190 DPR 368, 374 (2014). En consecuencia, cuando un miembro de la clase togada incumple nuestros requerimientos, este invariablemente demuestra menosprecio e indiferencia hacia la autoridad del foro judicial y, por ende, quebranta el Canon 9. In re Ortiz Santiago, supra; In re Ortiz Medina, 198 DPR 26, 31 (2017); In re Massanet Rodríguez, 188 DPR 116 (2013).

El deber de emplear atención y obediencia estricta a las órdenes de los foros a los cuales esté obligado a comparecer es consustancial a la función del abogado. In re Irizarry Irizarry, supra, pág. 374; In re García Ortiz, 187 DPR 507, 524 (2012). Asimismo, es incuestionable que, en los procesos disciplinarios, la desatención a los requerimientos realizados afecta la administración de la justicia, pues causa demoras injustificadas. In re Pérez Rojas, 2025 TSPR 90, 216 DPR __

(2025); In re López Santiago, 199 DPR 797, 808 (2018). Así pues, el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos en un proceso disciplinario constituyen causa suficiente para la suspensión inmediata e indefinida de los letrados. In re Bauzá Tirado, 211 DPR 633, 636 (2023); In re Torres Trinidad, 211 DPR 65 (2023); In re Ocasio Bravo, 209 DPR 1043 (2022).

III

El licenciado Rodríguez Pijuán no cumplió con nuestra orden para mostrar causa emitida el 7 de noviembre de 2025. Sin duda, esta conducta configura un menoscabo de nuestra autoridad. Por consiguiente, debemos dar por entendido que el letrado se allana a la suspensión de la profesión de la abogacía.

En vista de lo anterior y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente al licenciado Rodríguez Pijuán del ejercicio de la abogacía.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Mario Rodríguez Pijuán. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros

judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *per curiam* y Sentencia. Incumplir con lo anterior podría conllevar que no se le reinstale a la práctica de la profesión legal de así solicitarlo en el futuro.

Notifíquese esta Opinión *per curiam* y Sentencia al señor Rodríguez Pijuán por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas (RUA) y personalmente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mario Rodríguez Pijuán                   TS-6,601

SENTENCIA

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Por los fundamentos antes expuestos en la Opinión *per curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Mario Rodríguez Pijuán. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *per curiam* y Sentencia. Incumplir con lo anterior podría conllevar que no se le reinstale a la práctica de la profesión legal de así solicitarlo en el futuro.

Notifíquese esta Opinión *per curiam* y Sentencia al señor Rodríguez Pijuán por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas (RUA) y personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo